STATE OF MISSOURI *ex rel.* THE ATTORNEY-GENERAL, Plaintiff, *v.* JAMES M. POOL, Defendant.

*Constitution — Executive — Commission — Officer — Sheriff.*—The Constitution, Art. V., § 25, requires the Governor to commission all officers when not otherwise provided by law. The statute, G. S. 1865, ch. 16, has made no provision for issuing a commission to the person elected to the office of sheriff, and therefore he cannot assume the duties of the office until he is duly commissioned by the Governor.

*Information in the nature of Quo Warranto.*

*Glover & Shepley*, for defendant.

I. The case turns upon the effect of the alleged commission issued by the Governor to Thomas Adamson for the same office, sheriff of Lafayette county, to which the pleadings admit Pool was legally elected. The new Constitution

declares "the Governor shall commission all officers not otherwise provided by law"—Art. 5 & 25, R. C. 1865, p. 35.

If from the necessary operation of any law or laws in force it appears that a sheriff shall discharge the duties of his office without a commission, then the said law or laws are to be considered a provision dispensing with a commission in such case. If this be so, it is evident that no commission need be issued by the Governor to any elected sheriff under our statutes—Ch. 25, R. C. 1865, p. 156.

It is important to the public interests that the evidences of the sheriff's title to his office and his obligation to the public shall be preserved and placed within the reach of all; hence the requirement to record— (1) The certificate of election; (2) the oath of office; (3) the endorsements thereof; (4) the official bond; (5) the approval and endorsement thereof;—and all this is cared for by sec. 7.

The Constitution itself contains a special provision in that respect to sheriffs which is very pertinent to this question. It says (art. 5 & 22): " There shall be elected by the qualified voters in each county, at the time and place of electing representatives, a sheriff and coroner; they shall serve for two years, and until a successor shall be duly elected and qualified, unless sooner removed for malfeasance in office, and be ineligible four years in any period of eight years. Before entering on the duties of their office they shall give security in such amount and in such manner as shall be prescribed by law." This provision is the same in substance with that in the Constitution—R. C. 1865, p. 74, art. 9 & 16. This provision is fully satisfied by giving the bonds according to law. The 1st section of ch. 16, R. C. 1865, p. 138, declares that "all officers elected or appointed by the authority of the laws of this State shall hold their office until their successors are elected or appointed, commissioned and qualified."

The New York statutes in relation to sheriffs is much like ours—People v. Holly, 12 Wend. 481; Hines v. Doubleday et al., 21 Wend. 223. These cases hold that the effect of

giving bonds, and qualifying on the certificate of election, is to put the sheriff in his office, and that the election gives title to the office. One who has given bonds is an officer *de jure*—Commonwealth v. Slifer, 25 Pa. 31.

In Illinois it is held sheriffs are to be commissioned—The People v. Fletcher, 2 Scam. 486. The statute of Illinois, R. C. 1845, p. 514, directs the commission to be forwarded by the Secretary of State to the clerk of the Circuit Court of the proper county, and by him notified to the sheriff, who shall thereafter enter into bonds, &c.

Under the Kentucky Constitution of 1792 sheriffs were to be elected, and before entering upon the duties of office to give bond, take oath, &c.—1 Litt. 30. It was held under this provision that no commission was required—2 Litt. 61.

Sheriffs are commissioned in New Jersey, and the statute provides the means of laying before the Governor the facts of election and procuring his commission—State v. The Governor, 1 Dutcher, 346; Rounds v. Mansfield, 38 Me. 588; Rounds v. Bonger, 46 Me. 541; Thomasson v. Justices, &c., 3 Humph. 233; Williamson v. Webb, 2 Humph. 233; State v. Yates, 1 Riley, 261; Allen on Sheriffs, 16–18.

II. But conceding that a sheriff elect is entitled to a commission in pursuance to his certificate of election, and that it is the duty of the Governor to issue such commission, the failure of the Governor to do so is not to vacate the office of the duly elected and inducted sheriff. The constitutional provision is: "The Governor shall commission all officers not otherwise provided by law." It gives to the executive no discretion. If the Governor refuse to commission the officer, he violates the law; and no damage can come to the innocent party from such violation of the law. This constitutional provision does not mean that the Governor may commission any one else whom he pleases, and thus arbitrarily substitute his election for the election of the people.

The demurrer asserts that Pool was legally elected sheriff and was legally inducted; and simply because the Gov-

ernor has commissioned one not elected, asserts for that commission an almighty and an arbitrary power. It cannot admit of doubt when the Constitution provided for the election of any officer, he secures the right to execute that office from the election, and the commission is only the evidence of this right. One who has no right is commissioned; he exercises the franchise without legal authority. The question is one of judicial investigation—Wammack v. Halloway, 33 Ala.; State v. Siegler, 1 McCord, 239; State v. Fulkerson, 10 Mo. 681.

III. The incumbent was legally elected. So the pleadings admit; but his commission, if he has a right to one, is illegally refused by the Governor. His title to the office is shown by his election; he is therefore no usurper, no intruder. If turned out of office, it must be because the Governor is legally bound to issue him a commission—Low v. The Governor, 8 Geo. 365; Taylor v. Governor, 1 Ark. 21; Marbury v. Madison, 1 Cranch, 50; Bonner v. Pitts, 7 Geo. 473; Stokes v. Kendall, 12 Pet. 524; Pacific R.R. v. The Governor, 23 Mo. 353.

Attorney-General *Wingate*, for plaintiff.

WAGNER, Judge, delivered the opinion of the court.

The information in this case charges that Thomas Adamson, being eligible, was elected sheriff of Lafayette county at the regular election November 6, 1866, and in due time gave bond as required by law, and was commissioned and qualified as such; that James M. Pool, about the 1st day of January, 1867, did, at said county, unlawfully intrude into and usurp said office of sheriff, and is now usurping and holding said office illegally, and prays the issuance of a writ of *quo warranto* directed to said Pool, commanding him to show by what authority or warrant he holds and exercises the office of sheriff of Lafayette county. The return of Pool to the writ denies that Adamson was eligible to the office as stated, or that he was elected as charged, or that he received

a legal certificate of election, or gave the necessary bond in the time prescribed by law. It then avers that Pool was eligible, having filed and taken the constitutional oath within fifteen days next preceding the election; that he received the highest number of votes cast; that, on counting up the votes by the clerk and two justices, he was duly awarded the certificate; that he gave bond and qualified, &c., and denied that he intruded into or usurped the office. It is not pretended that he was commissioned. The Attorney-General demurs to the answer, because the defendant does not show that he has been commissioned to act as sheriff in and for the county of Lafayette as required by law ; because the defendant does not deny the State's allegation that Adamson was regularly commissioned as sheriff as aforesaid; that the facts as set out in the answer do not show that the defendant has any legal or just claim to the office, or any legal authority to perform the duties thereof.

The sole question presented by the pleadings for determination is, whether a person claiming to be elected can legally enter upon the discharge of the duties of the office of sheriff before he receives a commission from the Governor. The 25th section of the 5th article of the present Constitution of this State says that the Governor shall commission all officers not otherwise provided by law; all commissions shall run in the name and by the authority of the State of Missouri, be sealed with the State seal, signed by the Governor, and attested by the Secretary of State.

The statutory law of the State, in its general provisions concerning officers, declares that "all officers elected or appointed by the authority of the laws of this State shall hold their offices until their successors are elected or appointed, commissioned and qualified"—G. S. ch. 16, § 1. But by the law relating to sheriffs and marshals, ch. 25, it is enacted in the 1st sec. that, when any person shall be elected sheriff, the clerk of the county court shall deliver to him a certificate of his election under the seal of the court, and shall also certify that fact to the clerk of the Circuit Court, who shall file the

certificate in his office.   Sec. 3 requires every sheriff, within fifteen days after he receives the certificate of his election or appointment, to give bond to the State, with sureties to be approved by the Circuit Court, conditioned for the faithful discharge of his duties.   Section 4 provides that if the sheriff fail to give such bond within the time prescribed by law, the office shall be deemed vacant.   Sections 5 and 6 make provision for taking the bond before the clerk in vacation, subject to the approval or disapproval of the Circuit Court, and that the bond shall be valid until disapproved.   By section 7 it is made the duty of the sheriff, before he enters upon the discharge of his official duties, to cause his certificate of election or appointment, with the oath of office endorsed thereon, to be recorded in the office of the recorder of the county.

The above provisions are identical with the law as it existed previous to the adoption of the Constitution and the revision of 1865.   (See "Act in relation to sheriffs and marshals," R. C. 1855, p. 1465.)   The whole difficulty arises out of the reenactment by the Legislature of the prior law without reference to the constitutional provision requiring officers to be commissioned by the executive.   Under the old Constitution there was no such provision as that embodied in the new one as to officers being commissioned under the great seal.   It is true there is no direct means pointed out by which the Governor is to be informed of the election of sheriff so as to enable him to execute the commission; and this is obviously a *casus omissus*, and leaves to him the responsibility of acting on such evidence as he may deem satisfactory.   It is within the competency of the Legislature to declare what requisites shall be sufficient to clothe the officer with authority, and induct him into office, without the necessity of a commission; but until an act is passed for that purpose the constitutional injunction seems to be imperative. The law, as it stood anterior to the new Constitution, provides a method by which a sheriff was inducted into office by a compliance with certain acts; the reenactment of that law

does not dispense with the superadded evidence required by that instrument. And such would appear to have been the interpretation of the Legislature when they enacted that "all officers elected or appointed by authority of law shall hold their offices until their successors are elected or appointed, commissioned and qualified." Requiring a commission in every instance may be productive of inconvenience ; but the Legislature must be looked to to furnish the remedy, not the courts.

The officer does not derive his title to the office from his commission, but by virtue of his election ; and the commission is merely evidence of title disputable in its nature, and subject to be overthrown in a legal contest. When the commission is granted to the wrong person, the courts of the country are open to any one aggrieved thereby for redress.

The demurrer will be sustained.

The other judges concur.